UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

MICHAEL P.,[1]

        Plaintiff,

   v.

COMMISSIONER, Social Security
Administration,

        Defendant.

Case No. 2:20-cv-01209-MK

**OPINION
AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Michael P. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his applications for supplemental

security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act

(the "Act"). This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment

in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 13.

For the reasons below, the Commissioner's final decision is REVERSED and this case is

REMANDED for additional administrative proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in August 2017, alleging an amended disability onset date of June 1, 2017. Tr. 10.[2] His applications were denied initially and upon reconsideration. Tr. 60–69, 70–79, 82–93, 94–105. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in June 2019. Tr. 125–26. On July 3, 2019, the ALJ issued a decision finding Plaintiff not disabled under the Act. Tr. 10–19. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 50 years old on his alleged onset date. Tr. 298. Plaintiff has at least a high school education and has past relevant work experience as a lineman and a dishwasher. Tr. 17. Plaintiff alleged disability based on several physical impairments, including pancreatitis, gall bladder removal, colon removal, diabetes, and multiple hernias. Pl.'s Br. 4, ECF No. 12.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also*

*Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold

the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v.

Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must prove an

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of no

less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person

is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First,

the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if

so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe

impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§

404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's]

physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If

not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner

determines whether the impairments meet or equal "one of a number of listed impairments that

the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumed disabled; if not, the

analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to

determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related

activities that the claimant may still perform on a regular and continuing basis, despite any

limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e),

416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can

perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If

the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must

establish that the claimant can perform other work that exists in significant numbers in the

national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner

meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had

not engaged in substantial gainful activity since his alleged onset date. Tr. 12. At step two, the

ALJ found that Plaintiff had the following severe impairments: pancreatitis, hernias, and diabetes

mellitus. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or

combination thereof that met or medically equaled the severity of a listed impairment. Tr. 14.

The ALJ found that Plaintiff had an RFC to perform light work with the following limitations:

> [Plaintiff could ] occasionally climb ramps, ladders rope or
> scaffolds . . . can occasionally stoop kneel, crouch and crawl.
> Additionally, [Plaintiff would] have to alternate between sitting
> and standing while remaining on task.

*Id.* At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 17. At

step five, the ALJ found, given Plaintiff's age, education, work experience, and RFC, there were

jobs that existed in significant numbers in the national economy such that Plaintiff could sustain

employment despite his impairments. *Id.* The ALJ thus found Plaintiff was not disabled under

the Act. Tr. 18

## DISCUSSION

Plaintiff asserts remand is warranted for two reasons: (1) the ALJ failed to give legally

sufficient reasons for rejecting the medical opinion evidence; and (2) the ALJ failed to give clear

and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## I.      Medical Opinion Evidence

As noted, Plaintiff challenges the ALJ's assessment of the medical opinion evidence.

Pl.'s Br. 5–7, ECF No. 12.

For disability claims filed on or after March 27, 2017, new regulations for evaluating

medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical*

*Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18,

2017). The Ninth Circuit recently weighed in on the impact of the new regulations on existing

Circuit caselaw. *See Woods v. Kijakazi*, No. 21-35458, 2022 WL 1195334, at *3 (9th Cir. Apr.

22, 2022).

Under the old regulations, in order to reject either a treating or an examining physician's

opinion, ALJs were required to "provide 'clear and convincing reasons,' if the opinion [was]

uncontradicted by other evidence, or 'specific and legitimate reasons' otherwise[.]" *Id.* In *Woods*,

the Ninth Circuit held that "[t]he revised social security regulations [were] clearly irreconcilable

with [its] caselaw according special deference to the opinions of treating and examining

physicians on account of their relationship with the claimant." *Woods*, 2022 WL 1195334, at *4.

"Insisting that ALJs provide a more robust explanation when discrediting evidence from certain

sources necessarily favors the evidence from those sources—contrary to the revised regulations."

*Id.*

Under the revised regulations, ALJs must consider every medical opinion in the record

and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two

most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs

must articulate "how [they] considered the supportability and consistency factors for a medical

source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2),

416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical

evidence and supporting explanations presented by a medical source are to support [their]

medical opinion[], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§

404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[] is

with the evidence from other medical sources and nonmedical sources in the claim, the more

persuasive the medical opinion[] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

In crafting their disability determination decisions, the Ninth Circuit has instructed ALJs

"to use these two terms of art—'consistent' and 'supported'—with precision." *Woods*, 2022 WL

1195334, at *7 n.4. Thus, even under the new regulations "an ALJ cannot reject an examining or

treating doctor's opinion as unsupported or inconsistent without providing an explanation

supported by substantial evidence." *Woods*, 2022 WL 1195334, at *6.[3]

---

[3] The new regulations also remove ALJs obligation to make specific findings regarding
relationship factors, which include: the relationship with claimant; length of treating relationship;
frequency of examinations; purpose of the treatment relationship; the existence of a treatment
relationship; examining relationship; specialization; and "other factors." 20 C.F.R. §§
404.1520c(c)(3)–(5), 416.920c(c)(3)–(5); *Woods*, 2022 WL 1195334, at *6. However, a discussion

Although *Woods* made clear that the hierarchy among physician's opinions no longer

applies in this Circuit, the court did not address whether the new regulations upend the entire

body of caselaw relating to medical evidence. The Court therefore concludes that the reasoning

from cases unrelated to the treating physician rule remains good law. For example, it remains

true that ALJs may not cherry-pick evidence in discounting a medical opinion. *See Ghanim*, 763

F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing

ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many

others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion

without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient
> objective findings or are contrary to the preponderant conclusions
> mandated by the objective findings does not achieve the level of
> specificity our prior cases have required, even when the objective
> factors are listed seriatim. The ALJ must do more than offer [their]
> own conclusions. [They] must set forth [their] own interpretations
> and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation

omitted). In other words, while the new regulations eliminate the previous hierarchy of medical

opinion evidence that gave special status to treating physicians, ALJs must still provide sufficient

reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*,

947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to

speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler

v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's

---

of relationship factors may be appropriate where "two or more medical opinions . . . about the
same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly
the same." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "In that case, the ALJ 'will articulate
how [the agency] considered the other most persuasive factors.'" *Woods*, 2022 WL 1195334, at
*6 (citation omitted).

analysis need not be extensive, the ALJ must provide some reasoning in order for us to

meaningfully determine whether the ALJ's conclusions were supported by substantial

evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the

medical evidence.

### A.    Marika Gassner, D.O.

The sole medical opinion at issue is that of Dr. Gassner, who Plaintiff argues the ALJ

improperly rejected. Pl.'s Br. 8.

In June 2018, Plaintiff underwent a colostomy reversal surgery overseen by Dr. Gassner.

Tr. 858. On July 13, 2018, the doctor completed a form assessing Plaintiff's physical limitations.

Tr. 806. On the form, Dr. Gassner opined that Plaintiff would need to lie down in excess of

typical breaks during an 8-hour workday, that Plaintiff would only be able to stand/walk for 6

hours in an 8-hour workday, and that Plaintiff would likely be absent from work between one

and two times per month. Tr. 806-07. The doctor also concluded that Plaintiff would be unable to

lift over "10 lbs through 8/19/18," after which Plaintiff's ability to lift would "gradually

increase." Tr. 806.

The ALJ rejected Dr. Gassner's opinion on the basis that Plaintiff's limitations "would be

improving and the limitations presented would not be permanent nor did she indicate that the

limitations would last more than 12 months." Tr. 16. In support of this conclusion, the ALJ

referenced the portion of the opinion in which Plaintiff's lifting abilities would gradually

increase after August 2018. *Id*.

The ALJ's characterization of Dr. Gassner's opinion lacks support in the record. A

careful review of the opinion reveals that although the doctor opined that Plaintiff's lifting

abilities would gradually increase over time, nowhere did the doctor indicate that Plaintiff's other

limitations would improve. In other words, the ALJ failed to cite to evidence in the record that Plaintiff's other limitations—requiring multiple breaks, standing limitation, and excessive absences—would improve. As such, the ALJ's rejection of the opinion on the basis that Plaintiff's symptoms would improve is not supported by substantial evidence. *See Woods*, 2022 WL 1195334, at *6 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

## II.     Subjective Symptom Testimony

Plaintiff next argues that the ALJ improperly rejected his subjective symptom testimony. Pl.'s Br. 14. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding on the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is

not an examination of an individual's character," and requires that the ALJ consider all the

evidence in an individual's record when evaluating the intensity and persistence of symptoms.[4]

SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case

record, including the objective medical evidence; an individual's statements about the intensity,

persistence, and limiting effects of symptoms; statements and other information provided by

medical sources and other persons; and any other relevant evidence in the individual's case

record." Id. at *4.

At the administrative hearing, Plaintiff testified that his physical impairments severely

limited his activities. Plaintiff explained that he could not bend down without experiencing pain.

Tr. 40. While Plaintiff testified that he was capable of shopping for groceries, he added the

caveat that he requires his wife's assistance to hold bags. *Id*. Plaintiff reported becoming

exhausted after walking only one mile. Tr. 43. In terms of carrying capacity, Plaintiff estimated

that he could "maybe" carry between 10 and 20 pounds, but that "it wouldn't be something [he]

could do repeatedly, all day, [and] not use my stomach muscles the way they are now." Tr. 44–

45. Plaintiff also reported that he had continuing kidney damage as a result of diabetes. Tr. 44.

The parties dispute whether the ALJ sufficiently addressed Plaintiff's subjective

symptom testimony. Plaintiff asserts that the ALJ failed to identify specific inconsistencies

between Plaintiff's testimony and the medical evidence on record. Pl.'s Br. 15. The

Commissioner, however, contends that the ALJ adequately explained how Plaintiff's testimony

conflicted with the medical record. Def. Br. 9–10.

---

[4] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the
assessment of claimant's "credibility." *See* SSR 16-3p.

After reviewing the record and relevant caselaw, Plaintiff's argument is well taken. The

ALJ failed to specifically link Plaintiff's testimony to inconsistencies in the medical record as

required in the Ninth Circuit. For example, the court has reversed ALJs for failing to provide

specific reasons for rejecting a claimant's testimony and  "only stat[ing] non-credibility

conclusion and then summariz[ing] the medical evidence supporting her RFC determination."

*Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

The ALJ did precisely that here. At the beginning of the portion of the decision

determining RFC, the ALJ stated that Plaintiff's "statements concerning the intensity, persistence

and limiting effects of these symptoms are not entirely consistent with the medical evidence and

other evidence in the record. . . ." Tr. 15. The ALJ then went on to summarize the medical record

and opinion evidence. The one paragraph in the decision that specifically discussed Plaintiff's

testimony explained:

> At the hearing, the claimant testified that he had a class B CDL,
> though currently his medical card was expired and he would have to
> go in to get a new one before he would be able to go back to driving
> the vehicles he used to as a lineman. The claimant also stated that he
> was interested in getting back to that work (Testimony). The claimant
> also testified that he took care of some household chores while he was
> recovering as well as taking care of goats. He also stated that he
> would sit down periodically throughout the day. Additionally, the
> claimant testified that he could lift and carry 10–15 pounds, though he
> could not do it all day long (Testimony).

Tr. 16.

Nowhere did the ALJ point to specific testimony and explain how it conflicted with the

medical record. Rather, the ALJ summarized Plaintiff's testimony. To reject a claimant's

testimony, an ALJ must do more than merely summarize the testimony. *See Burrell v. Colvin*,

775 F.3d 1133, 1138 (9th Cir. 2014) (an ALJ must "link" the testimony she finds not credible "to

the particular parts of the record supporting her non-credibility determination"); *see also*

*Treichler*, 775 F.3d 1090, 1103 (9th Cir. 2014) (an "ALJ must identify the testimony that was not

credible, and specify what evidence undermines the claimant's complaints") (citation and

quotations marks omitted).[5] As such, the ALJ's rejection of Plaintiff's subjective symptom

testimony must be reversed and this case must be remanded.

**III.    Remand**

A reviewing court has discretion to remand an action for further proceedings or for a

finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th

Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings

depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the

"three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court

considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting

evidence; (2) the record has been fully developed and further proceedings would serve no useful

purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be

required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407

(9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further

proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in

fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are

"inconsistencies between the claimant's testimony and the medical evidence," or if the

---

[5] The Commissioner's attempts to distinguish this case from *Brown-Hunter* are unconvincing. The
Commissioner argues that the ALJ's discussion of Plaintiff's past medical procedures shows that
his symptoms were "amenable to curative surgery" and that the excerpt from Plaintiff's testimony
shows that some of his own allegations undermined a finding of total disability Def.'s Br. 9–10.
The ALJ's decision, however, did not discuss those reasons and this Court may not consider
reasoning not supplied by the ALJ. *Burrell*, 775 F.3d at 1141.

Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141) (internal quotations omitted).

Here, the Court concludes that remand for additional proceedings is the appropriate remedy given Plaintiff's failure to address the credit-as-true standard and explicit request "that the Commissioner's decision be remanded for further administrative proceedings . . . ." Pl.'s Br. 15–16. Accordingly, this case is remanded for further administrative proceedings to: (1) conduct a *de novo* review of the medical opinion evidence; (2) reevaluate Plaintiff's subjective symptom testimony; (3) obtain additional VE testimony based on a reformulated RFC; and (3) conduct any further necessary proceedings. *See Burrell*, 75 F.3d at 1141.

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on  substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 2nd day of May 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge